# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 17, 2013

Lyle W. Cayce
Clerk

No. 12-10105
Summary Calendar

JUAN JIMENEZ,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-697

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Jimenez, Texas prisoner #1393676, appeals the district court's dismissal of his habeas petition challenging his conviction and 65-year prison sentence for aggravated robbery.  *See* 28 U.S.C. § 2254.  We AFFIRM.

The Section 2254 petition asserted that trial counsel was ineffective for failing to convey to Jimenez the State's plea offer of 25 years of imprisonment. The state habeas court, relying on an affidavit of trial counsel denying any

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

knowledge of a 25-year offer, concluded that Jimenez failed to prove that such an offer was ever made. The district court, however, considered an affidavit of trial counsel, never introduced in state court, in which he stated that there had indeed been a 25-year offer that was conveyed to and rejected by Jimenez. We granted Jimenez a certificate of appealability on the following issues: whether it was proper for the district court to consider the affidavit of Jimenez's counsel that was not presented to the state court; whether the district court was required under Section 2254(d)(2) to defer to the state court's ruling as one not based on an unreasonable determination of the facts in light of the evidence presented in state court, even though the state court's decision was based on affidavit testimony later recanted in federal court; and whether the district court erred by finding that Jimenez did not suffer prejudice.

For a claim adjudicated on the merits in a state habeas proceeding, "evidence later introduced in federal court is irrelevant." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1400 (2011) (concerning review under Section 2254(d)(1)). "The same rule necessarily applies to a federal court's review of purely factual determinations under § 2254(d)(2)." *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011), *cert. denied*, 133 S. Ct. 105 (2012). *Pinholster* suggests that an exception may lie, however, if a habeas petitioner presents "a new claim" turning on evidence never presented in the state court, such as "new evidence of withheld exculpatory witness statements." 131 S. Ct. at 1401 n.10; *see also id.* at 1417-18 (Sotomayor, J., dissenting); *cf. Blue*, 665 F.3d at 657.

Jimenez argues that counsel's federal affidavit did not modify his state court claim but merely supplemented it and that the claim was therefore not a new and unexhausted claim. He partly relies on *Dowthitt v. Johnson*, 230 F.3d 733 (5th Cir. 2000), and *Lewis v. Quarterman*, 541 F.3d 280 (5th Cir. 2008). These decisions are no longer good law on the points he raises in light of *Pinholster*, 131 S. Ct. 1388. The question of whether to consider evidence never presented to the state court is not analyzed as an exhaustion issue under

Section 2254(b). *Lewis v. Thaler*, 701 F.3d 783, 790-97 (5th Cir. 2012). Jimenez has thus failed to cite any authority supporting his contention that counsel's federal affidavit could be considered when deciding whether to defer to the state court's resolution of his claim of constitutional error.

Additionally, Jimenez fails to show that, based on the record before the state habeas court, "no fairminded jurist could agree with" that court's conclusion that counsel did not render deficient services. *See Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011). Indeed, Jimenez does not even attempt the effort, electing instead to pretermit the question of deficient performance.

The district court made no determination concerning the propriety of the state habeas court's conclusion that counsel had not rendered deficient performance; the district court merely assumed deficient performance for the purpose of the prejudice analysis. Whether the state court erred in its conclusion of no deficiency is a question that has been abandoned on appeal as a result of Jimenez's decision not to brief the performance issue. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Jimenez's discussion of the prejudice issue is therefore irrelevant. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). His motion for the appointment of counsel is DENIED, and the judgment of the district court is AFFIRMED.